NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ABRAHIM FATA,<br><br>                  Plaintiff,<br><br>v.<br><br>HUDSON COUNTY SUPERIOR COURT, FAMILY DIVISION *et al.*,<br><br>                  Defendants. | Civil Action No. 26-5645 (SDW) (LDW)<br><br>**WHEREAS OPINION**<br><br>May 27, 2026 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Abrahim Fata's Complaint ("Compl.") received on May 6, 2026 (D.E. 1) and Application to Proceed *in forma pauperis* ("IFP Application") filed on the same day (D.E. 1-4), and this Court having reviewed Plaintiff's submissions; and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff demonstrates that he or she is "unable to pay such fees." 28 U.S.C. § 1915(a)(1); and

**WHEREAS** when a litigant petitions the Court to proceed without the prepayment of fees, the Court has an obligation to screen the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); and

**WHEREAS** the legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive a motion to dismiss, a plaintiff must allege sufficient facts for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

**WHEREAS** here, the claims against Judges Jose Vilarino, Jude-Anthony Tiscornia, Charles F. Kenny, as well as against the judicial law clerk, Faraz Germipoor, are barred by judicial immunity and fail as a matter of law. Judicial immunity provides absolute protection from civil liability for judges performing judicial acts within their jurisdiction. *Johnson v. State of New Jersey*, 869 F. Supp. 289, 293 (D.N.J. 1994). Judicial law clerks are also protected by judicial immunity when they perform their official duties integral to judicial function. *Little v. Hammond*, 744 F. App'x 748, 751 (3d Cir. 2018); *Alfred v. New Jersey*, No. 13-0332, 2013 WL 4675536, at *8 (D.N.J. Aug. 29, 2013).

**WHEREAS** the New Jersey Superior Court, as an "arm" of the state, is protected from suit by the state's sovereign immunity. *Johnson*, 869 F. Supp. 289 at 296–297. Therefore, Plaintiff's claims against the Hudson County Superior Court, Family Division are also barred and fail as a matter of law.

**WHEREAS** Plaintiff's IFP Application indicates that his total monthly income is $1608.00 and his total monthly expenses are around $1170.00, including rent, utility payments, food, and laundry services. (*See generally* D.E. 1-4.) This Court will therefore allow Plaintiff to proceed *in forma pauperis*.

Therefore, Plaintiff's IFP Application is **GRANTED**, and the Complaint is *sua sponte*

**DISMISSED**[1].  An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        Leda D. Wettre, U.S.M.J.

---

[1] The remaining Defendants are unidentified or fictitious and are hereby dismissed with prejudice from this action.